IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHUNTA WARTHEN,<br><br>    Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING LP,<br>AMERICA'S WHOLESALE LENDER,<br>COUNTRYWIDE HOME LOANS, INC.,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, THE BANK<br>OF NEW YORK MELLON f/k/a THE<br>BANK OF NEW YORK as TRUSTEE for<br>the CERTIFICATE HOLDERS CWABS,<br>INC. ASSET-BACKED CERTIFICATES,<br>SERIES 2005-08 and JOHN DOE<br>attorneys for The Bank of<br>Mellon,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:11-cv-02704-JEC |

**ORDER**

This case is presently before the Court on defendants' Motion to Dismiss [3] and plaintiff's Motion to Remand [5]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendants' Motion to Dismiss [3] should be **GRANTED** and plaintiff's Motion to Remand [5] should be **DENIED**.

**BACKGROUND**

This case arises out of an allegedly wrongful attempted foreclosure. (Compl., attached to Notice of Removal [1] at Ex. A.) In June 2005, plaintiff entered into a mortgage contract with defendant America's Wholesale Lender ("America's Wholesale"). (*Id.* at ¶ 23.) The contract was evidenced by a Note that plaintiff executed in favor of defendant Countrywide Home Loans ("CWHL") in the principal amount of $449,500. (*Id.*) The debt was secured by a deed on plaintiff's home located at 35 Foxglove Drive, Covington, Georgia 30016 (the "property"). (*Id.*) The deed was assigned, first to defendant Mortgage Electronic Registration Systems ("MERS"), and subsequently to defendant Bank of New York Mellon ("BNYM"). (*Id.* at ¶¶ 24, 26.)

At some unspecified time, the defendant attorneys threatened or otherwise sought to initiate a non-judicial foreclosure sale. (Compl. [1] at ¶ 28.) Plaintiff responded by filing this lawsuit in the Fulton County Superior Court. (*Id.* at ¶¶ 23-33.) In her Complaint, plaintiff asserts numerous causes of action, all of which are based on state law.[1] (*Id.* at ¶¶ 34-93.)

---

[1] Plaintiff previously filed a case in federal court based on the same underlying facts. *See Warthen v. Litton,* Civil Action No. 1:10-cv-3579-CC (N.D. Ga. 2010). Upon the motion of defendants, the federal claims in that suit were dismissed with prejudice, and the state claims dismissed without prejudice. (*Id.* at [34].)

2

Following plaintiff's purported service on defendants Litton Loan Servicing LP ("Litton") and MERS, those defendants removed the case to this Court pursuant to 28 U.S.C. § 1332. (Notice of Removal [1].) Although it was not served, BNYM joined in the Notice of Removal. (*Id.*) Defendants subsequently filed a joint motion to dismiss the action under Federal Rule 12(b)(6), which is presently before the Court. (Defs.' Mot. to Dismiss [3].) Also before the Court is plaintiff's motion to remand the case back to the Fulton County Superior Court. (Pl.'s Mot. to Remand [5].)

### DISCUSSION

### I.  PLAINTIFF'S MOTION TO REMAND [5]

Pursuant to 28 U.S.C. § 1441, an action may be removed from state court if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a). Original jurisdiction can arise from a federal question or diversity of citizenship. 28 U.S.C. §§ 1331 and 1332(a). Defendants here rely on diversity jurisdiction under § 1332(a). (Notice of Removal [1] at 3-4.)

Section 1332(a) provides for diversity jurisdiction in cases where (1) the amount in controversy exceeds $75,000 exclusive of interest and costs and (2) the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). To determine whether those requirements are met, the Court considers the Complaint and the

3

Notice of Removal. *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213 (11th Cir. 2007). In this case, the Complaint and the Notice "unambiguously establish federal jurisdiction." *Id.* Accordingly, the Court **DENIES** plaintiff's Motion to Remand [5].[2]

    A.    <u>Diversity of Citizenship</u>

Plaintiff concedes that there is complete diversity between herself and all of the named, served defendants. (Pl.'s Br. in Supp. of Mot. to Remand ("Pl.'s Br.") [5].) Plaintiff is a resident of Newton County, Georgia. (Notice of Removal [1] at 2.) None of the defendant corporations that plaintiff has served in the case reside in Georgia. (*Id.* at 2-3.)

Plaintiff nevertheless argues that diversity is lacking because of the possibility that an unnamed defendant is a citizen of Georgia. (Pl.'s Br. [5] at 4.) As the Supreme Court has explained, diversity of citizenship exists where:

> there is complete diversity between all *named* plaintiffs and all *named* defendants, and no defendant is a citizen of the forum State. It is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity.

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)(emphasis added). *See also* 28 U.S.C. § 1441(a)("For purposes of removal under this

---

[2] The Court likewise **DENIES** plaintiff's request for Rule 11 sanctions against defendants on the ground of improper removal. (Pl.'s Br. [5] at 9-10.)

4

chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

Plaintiff also suggests that the failure of all of the defendants to formally join in removal destroys jurisdiction because it violates the "rule of unanimity." (Pl.'s Br. [5] at 5.) However, "[t]he requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." *Johnson v. Wellborn*, 418 Fed. App'x 809, 815 (11th Cir. 2011) (citing *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008)). Plaintiff only purports to have perfected service against defendants Litton and MERS. (Compl. [1] at Ex. D.) Thus, the consent of the remaining defendants is not necessary for removal.[3]

B. <u>The Amount In Controversy Requirement</u>

Plaintiff does not request a specific amount of damages in her Complaint. (Compl. [1] at 14.) However, she does seek to recover "the value of the security interest in [the] property created under the transaction" at issue. (*Id*.) The value of the security interest could be less than the original amount of the loan, which was $449,500, but it most certainly exceeds $75,000. (Compl. [1] at ¶

---

[3] Defendants America's Wholesale and CWHL have indicated that they will consent to removal if plaintiff perfects service against them. (Notice of Removal [1] at ¶ 2.)

5

23.) In addition, plaintiff requests punitive damages, statutory damages, attorney's fees, and the return of any mortgage payments that plaintiff made under the loan contract. (*Id.* at 14.) Under the circumstances, the Court finds that the amount in controversy requirement has been met.

## II. <u>DEFENDANTS' MOTION TO DISMISS [3]</u>

Plaintiff's Complaint includes seven counts for relief based on various state statutes and theories of recovery. (Compl. [1] at ¶¶ 34-93.) Defendants have filed a motion to dismiss the Complaint in its entirety. (Defs.' Mot. to Dismiss [3].) In support of their motion, defendants argue that the Complaint does not state a plausible claim for relief, as required by federal pleading standards. (*Id.*) The Court agrees.

A. <u>Standard</u>

In deciding a motion to dismiss under Federal Rule 12(b)(6), the Court assumes that all of the allegations in the complaint are true and construes all of the facts in favor of the plaintiff. *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010). That said, in order to survive a motion to dismiss a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "facial[ly] plausib[le]" when it is

6

supported with facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Count I - Wrongful Foreclosure

In Count I, plaintiff asserts a claim against defendants for wrongful foreclosure. (Compl. [1] at ¶¶ 34-36.) In Georgia, the essential elements of a wrongful foreclosure claim include the following: (1) a legal duty owed to plaintiff by the foreclosing party, (2) a breach of that duty, (3) a causal connection between the breach and the alleged injury, and (4) damages. *Gregorakos v. Wells Fargo Nat'l Ass'n*, 285 Ga. App. 744, 747-48 (2007)(citing *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371 (2004)). Where a foreclosure action is commenced but not completed, a plaintiff may assert a claim for wrongful attempted foreclosure by alleging (1) a "knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition" and (2) damages "sustained as a direct result of th[e untruthful] publication." *Mayrant v. Deutsche Bank Trust Co. Am.*, No. 1:10-cv-3094-TWT, 2011 WL 1897674, *2 (N.D. Ga. May 17, 2011)(Thrash, J.) (quoting *Aetna Fin. Co. v. Culpepper*, 171 Ga. App. 315, 319 (1984)).

Plaintiff's Complaint does not meet the requirements for either cause of action. The claim actually asserted by plaintiff, wrongful foreclosure, fails as a matter of law because she does not allege

7

AO 72A
(Rev.8/82)

that there has been a foreclosure sale. *See Mayrant,* 2011 WL 1897674, *2 (a claim for wrongful foreclosure fails where no foreclosure sale has occurred) and *Aetna Fin. Co.,* 171 Ga. App. at 319 (distinguishing between a claim for wrongful foreclosure and a claim for wrongful attempted foreclosure). Indeed, plaintiff does not even clearly allege that defendants initiated a non-judicial foreclosure sale. (Compl. [1].) Rather, she vaguely suggests that defendants have "threatened" and are "now seeking" such a sale.[4] (*Id.* at ¶¶ 28, 30.)

Neither does plaintiff allege that defendants published any untrue or derogatory information about her financial condition, or that any damage to her reputation resulted therefrom. (*Id.* at ¶¶ 23-36.) This deficiency is fatal to any claim for wrongful attempted foreclosure. *See Mayrant,* 2011 WL 1897674, at *2 and *Aetna Fin. Co.,* 171 Ga. App. at 319. Thus, whether it is construed as a claim for wrongful foreclosure or wrongful attempted foreclosure, the claim

---

[4] That defendants have not commenced foreclosure proceedings is the most likely explanation as to why plaintiff has not received a notice of foreclosure. (Compl. [1] at ¶ 36.) In any case, plaintiff's failure to allege a foreclosure sale also precludes her recovery under O.C.G.A. § 44-14-162, the notice statute cited in Count I of the Complaint. *See Roylston v. Bank of Am., N.A.*, 290 Ga. App. 556, 559 (2008)("Where a foreclosing creditor fails to comply with the statutory duty to provide notice of sale to the debtor in accordance with O.C.G.A. § 44-14-162 *et seq.*, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure.")

8

AO 72A
(Rev.8/82)

asserted in Count I of plaintiff's Complaint fails as a matter of law. Count I is therefore **DISMISSED**.

    C.    <u>Count II - UCC Unconscionability</u>

In Count II of the Complaint, plaintiff alleges that the Security Deed and the Promissory Note she executed in connection with the mortgage contract are unconscionable under UCC § 2-207. (Compl. [1] at ¶ 38.) Plaintiff's UCC claim is patently frivolous. The relevant provision of the UCC, as codified by O.C.G.A. § 11-2-302, does not apply to security transactions. *See* O.C.G.A. § 11-2-102 ("Unless the context otherwise requires, this article applies to transactions in goods; it does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction") and *Almand v. Reynolds & Robin, P.C.*, 485 F. Supp. 2d 1361, 1365-66 (M.D. Ga. 2007)(Owens, J.)(noting that Article 2 of the UCC does not apply to security transactions). Count II is thus **DISMISSED**.[5]

    D.    <u>Count III - Georgia Residential Mortgage Act</u>

In Count III, plaintiff seeks to assert a private cause of action under the Georgia Residential Mortgage Act ("GRMA"), O.C.G.A.

---

[5] Frankly, the Court is surprised that defendants did not seek Rule 11 sanctions on the ground that Count II is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2). Plaintiff is, after all, represented by an attorney.

9

§ 7-1-11 *et seq.* (Compl. [1] at ¶¶ 46-55.) "Courts within this district have . . . found that a private cause of action does not arise under the GRMA, which does not explicitly create a private cause of action and which contains a robust public enforcement scheme." *Kabir v. Statebridge Co., LLC,* No. 1:11-cv-2747-WSD, 2011 WL 4500050, at *9 (N.D. Ga. Sept. 27, 2011)(Duffey, J.). *See also Jordan v. PHH Mortg. Corp.*, No. 1:10-cv-0967-TWT-CCH, 2010 WL 5058638 at, *7-8 (N.D. Ga. Nov. 5, 2010)(Hagy, J.), *adopted by* 2010 WL 5055809 (Thrash, J.). Plaintiff points to no error in either *Kabir* or *Jordon*, nor does she offer any persuasive reason for this Court to take a contrary position. Accordingly, the Court **DISMISSES** Count III of the Complaint.

E. Count V - The "Splitting" Claim

In Count V, plaintiff alleges that defendants' actions violate numerous Georgia statutes, including: O.C.G.A. §§ 11-9-312(b), 11-9-313, 11-9-314, 11-9-104, 11-9-105, and 11-9-107. (Compl. [1] at ¶¶ 63-79.) The allegations in Count V primarily consist of long citations to various Georgia statutes without any explanation of how those statutes might be construed to give rise to a plausible claim for relief in this case. (*Id.*) The relatively few factual allegations in Count V do not meet the pleading standard of *Twombly* and *Iqbal*. Accordingly, Count V should be **DISMISSED**.

10

Reading Count V very liberally, the Court presumes that plaintiff is trying to articulate some version of a "splitting" claim. That is, plaintiff is suggesting that the Note and the Deed that she executed in connection with the mortgage contract have been split, rendering both instruments invalid and unenforceable. (*Id.* at ¶¶ 64-70.) The splitting would have occurred when the Deed was assigned to defendant MERS, while the Note was executed in favor of CWHL. (*Id.* at ¶ 23.)

The splitting argument has been rejected by this Court and many others in this district. *See Nicholson v. OneWest Bank*, No. 1:10-cv-0795-JEC/AJB, 2010 WL 2732325, at *4 (N.D. Ga. Apr. 20, 2010)("the nominee of the lender has the ability to foreclose on a debtor's property even if such nominee does not have a beneficial interest in the note secured by the mortgage") and *Kabir,* 2011 WL 4500050, at *5 (collecting cases in this district that have rejected the splitting argument). Judge Totenberg recently addressed some of the practical problems that can result from the practice of splitting a note and a security deed, as occurred in this case. *See Morgan v. Ocwen Loan Serv., LLC,* 795 F. Supp. 2d 1370 (N.D. Ga. 2011). But *Morgan* acknowledges that while separation of the note and deed "creates a question of what entity would have the authority to foreclose," it "does not render either instrument void." *Id.* at 1375. There is no

11

support for plaintiff's vague suggestions to the contrary in Count V. For this additional reason, the Court **DISMISSES** Count V.

F. Count VI - Slander Of Title

In Count VI of the Complaint, plaintiff alleges a claim of slander of title pursuant to O.C.G.A. § 51-9-11. (Compl. [1] at ¶¶ 80-85.) In order to prevail on this claim, plaintiff must establish: (1) the utterance and publication of slanderous words, and that (2) the words were false and malicious, (3) plaintiff sustained special damage as a result of the slander, and (4) plaintiff possessed an estate in the property slandered. *Amador v. Thomas*, 259 Ga. App. 835, 837 (2003). These elements must be pled fully and distinctly. *Latson v. Boaz*, 278 Ga. 113, 114 (2004). General allegations will not suffice. *Id.* at 114-15.

Plaintiff's failure to allege any publication, or that she has suffered any special damages as a result of a publication, is fatal to Count VI. *See Amador,* 259 Ga. App. at 837 and *No Witness, LLC v. Cumulus Media Partners, LLC*, No. 1:06-cv-1733-JEC, 2007 WL 4139399, *13 (N.D. Ga. Nov. 13, 2007)(because special damages are not assumed, plaintiff must allege sufficient facts to suggest they occurred). Accordingly, Count VI is **DISMISSED**.

G. Quiet Title - Count VII

In Count VII of the Complaint, plaintiff seeks the equitable remedy of removing an alleged cloud on her title to the property via

12

a quiet title claim. (Compl. [1] at ¶¶ 86-93.) Georgia's Quiet Title Act provides a mechanism for "removing any cloud upon the title to land" and "conclusively establishing that certain named persons are the owners of all the interests in land." O.C.G.A. § 23-3-60. However, in cases involving mortgages, Georgia law requires that a party first tender the amount due under the note and security deed before seeking the equitable remedy of quiet title. *Sapp v. ABC Credit & Inv. Co.*, 243 Ga. 151, 158 (1979). Neither poverty nor fraud excuses this requirement. *Id.*

Plaintiff fails to allege in her Complaint that she complied with the tender requirement. Plaintiff argues in her response brief that tender is unnecessary when the party to whom the offer is made will refuse it. (Pl.'s Resp. [6] at 22-23). But the Complaint does not allege that plaintiff attempted to tender the amount due and defendants refused it, or that defendants are likely to refuse such an offer. (Compl. [1].) Moreover, the allegations in the Complaint do not plausibly support the notion that plaintiff owns the subject property free and clear.[6] The Court thus **DISMISSES** Count VII.

---

[6] Additionally, Georgia's Quiet Title Act requires that a plaintiff file a "plat of survey of the land" along with the complaint. *See* O.C.G.A. § 23-3-62(c). Plaintiff failed to comply with that requirement.

13

H. Count IV - Punitive Damages

In Count IV of the Complaint, plaintiff seeks punitive damages pursuant to O.C.G.A. § 51-12-5.1. (Compl. [1] at ¶¶ 56-62.) A claim for punitive damages is derivative of those underlying claims that would give rise to punitive damages under § 51-12-5.1. *Lilliston v. Regions Bank*, 288 Ga. App. 241, 246 (2007). Because the Court has dismissed all of the plaintiff's claims for relief, her request for punitive damages necessarily must fail. *Id.* Accordingly, the Court **DISMISSES** Count IV of the Complaint.

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** defendants' Motion to Dismiss [3] and **DENIES** plaintiff's Motion to Remand [5].

SO ORDERED, this 23rd day of March, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)